J-A15004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM PETERMAN, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAPLE PRESS COMPANY | : | No. 1696 MDA 2024 |

Appeal from the Order Entered October 25, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2024-SU-002044

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MAY 30, 2025**

William Peterman, Jr. ("Plaintiff") appeals *pro se* from the order that sustained the preliminary objections of Maple Press Company ("Defendant") and dismissed his complaint.  We dismiss this appeal.

Given our disposition, a detailed case history is unnecessary.  Briefly, Plaintiff filed a complaint in July 2024 in the York County Court of Common Pleas against Defendant alleging one count of employment discrimination. Therein, he asserted that he had applied for an open press operator position with Defendant and been hired in January 2024, but the offer was rescinded the following week due to market conditions.  When Defendant advertised new machine operator openings in the summer of 2024, Plaintiff again applied but

_____

[*] Former Justice specially assigned to the Superior Court.

was not hired, allegedly because he was overqualified. Plaintiff maintained that, given his previous hiring, the rejection of his application must have been founded upon discrimination.

Defendant filed preliminary objections to the complaint in the nature of a demurrer. It observed that Plaintiff did not allege that he first filed a claim with the Pennsylvania Human Relations Commission ("PHRC"). Defendant further contended that the Pennsylvania Human Relations Act ("PHRA") is the exclusive remedy for claims of unlawful discrimination, and that Plaintiff's failure to pursue relief through the PHRC deprived the court of jurisdiction over the claim. Defendant additionally asserted that, in any event, being overqualified is not a protected class under the PHRA.

Plaintiff filed a response in opposition to the objections which, in large part, was a collection of words conveying little discernable meaning. *See*, *e.g.*, Response to Preliminary Objections, 8/30/24, at ¶ 9 ("The objection by Defendant is that discrimination must course through PHRC. However, the PHRC limits its service to protected classes. Plaintiff asserts, needlessly per judicial accreditation, that discrimination is possible outside the protected classes. And, thereby, all discrimination does not require a course through protected classes; neither then a stipulation of the PHRC. The objection is irrelevant, based on the boundary of scope, and additionally, based on the allegation of Defendant pertaining a failure of protected class."); *id*. at ¶ 33 ("The Defendant smokes fear into the litigation, by way of presumptiveness

of status quo. To make aware for the court the potential of a procedural stipulation is at once a capacity of Defense and of Judgment (to Decision); that if the objection fails Defense, then it can still carry influence independently for Judgment."). So far as the trial court was able to discern, Plaintiff's position was that the nature of Defendant's discrimination was unknown, yet not based upon Plaintiff's membership in a protected class. Thus, his claim fell outside the scope of the PHRA, which only prohibited discrimination against specified groups, and, consequently, he was not obligated to file his claim with PHRC before bringing the instant action.

The trial court sustained Defendant's preliminary objections and dismissed Plaintiff's complaint by order of October 25, 2024. In an accompanying opinion, the court explained that, under Pennsylvania law, a *prima facie* case of employment discrimination requires a plaintiff to show membership in a protected class, qualification for the job for which he applied, a rejected application, and the employer's continued recruitment of applications of equal qualifications. **See** Trial Court Opinion, 10/25/24, at 7 (pagination supplied). The court further observed that the right to a remedy for employment discrimination is established by the PHRA, which requires exhaustion of the administrative remedies vested in the PHRC before actions may be pursued in court. **Id**. (citing, *inter alia*, **Clay v. Advanced Computer Applications, Inc.**, 559 A.2d 917 (Pa. 1989)).

This timely appeal followed. In this Court, Plaintiff has filed a brief that, in addition to suffering from the same inscrutable prose style as quoted above, does not adhere to the requirements of a host of our Rules of Appellate Procedure. In particular, his brief fails to comply with Pa.R.A.P. 2111(a)(1) (statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (statement of the scope and standard of review); Pa.R.A.P. 2111(a)(4) statement of questions involved); and Pa.R.A.P. 2111(a)(6) (summary of argument). Further, Plaintiff does not attempt to develop any argument that is supported by citations to pertinent legal authority as is required by Pa.R.A.P. 2119(a) and (b). Indeed, the only citations within Plaintiff's argument are to the trial court's opinion. He proffers no countervailing authority to explain how or why the trial court should have allowed further litigation of his undefined discrimination claims.

As we have cautioned:

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

**Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up).

Plaintiff's noncompliance has left us unable to conduct meaningful review. **See**, **e.g.**, **Commonwealth v. Gilliam**, 249 A.3d 257, 271 (Pa.Super. 2021) ("It is not the role of this Court to develop Appellant's

argument."); **Butler v. Illes**, 747 A.2d 943, 944 (Pa.Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." (cleaned up)).  Therefore, we dismiss this appeal without considering its merits.  **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

Appeal dismissed.  Oral argument scheduled for June 17, 2025, is cancelled.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2025

- 5 -