J-S14026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFONSO MORRIS | : | |
| | : | |
| Appellant | : | No. 1762 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000420-2021

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                               **FILED JULY 15, 2025**

Alfonso Morris ("Morris") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his convictions of rape of child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, statutory sexual assault, sexual assault, incest of a minor – complainant under thirteen years of age, endangering welfare of children, corruption of minors, indecent assault person less than thirteen years of age, indecent exposure, and indecent assault person less than sixteen years of age.[1]  On appeal, Morris challenges

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 6318(a)(1), 3122.1(b), 3124.1, 4302(b)(1), 4304(a)(1), 6301(a)(1)(ii), 3127(a), 3126(a)(8).

the sufficiency and weight of the evidence to support his convictions. We affirm.

The charges in this matter stem from Morris' sexual abuse of his daughter, A.M., when she was approximately four years old. Morris called his daughter into a room in their house and took his clothes off. He then made her touch his penis with her hands. When the victim was approximately eight years old, she reported that this incident to her aunt, ("Aunt") and later to her mother ("Mother"). The victim then went to the Philadelphia Children's Alliance ("PCA"). PCA recorded the victim's statements, during which she indicated that Morris made her touch his penis and put his penis in her mouth.

The police arrested Morris, and the Commonwealth charged him with the above crimes. After Morris waived his right to a jury trial, the case proceeded to a bench trial. At trial, the Commonwealth presented the testimony of the victim, Aunt, and Mother. The Commonwealth also introduced the PCA video into evidence without objection. Ultimately, the trial court convicted him of all charges. On January 6, 2023, the trial court sentenced Morris to seven to fourteen years' incarceration followed by six years of probation. After the trial court reinstated his right to file post-sentence motions and appeal nunc pro tunc, Morris filed a post-sentence motion for a new trial. The trial court denied the motion. This timely appeal followed.

Morris raises the following issues for our review:

1. Whether the verdict was against the weight of the evidence in the situation where the complaining witness admitted at trial that [] Morris only committed one act of inappropriate touching against her, and the remaining charges were purportedly proven by an earlier unsworn statement[?] [] Morris respectfully alleges that her trial testimony should be given greater weight than an earlier, unsworn statement to the [PCA].

2. Whether the evidence put forth at trial was insufficient to demonstrate that [] Morris engaged in "sexual intercourse" with the complaining witness[?]

Morris' Brief at 6.

## **Weight of the Evidence**

Morris asserts that his convictions were against the weight of the evidence. *Id.* at 9, 10, 13. He argues that the victim's testimony at trial contradicted her statement made at the PCA. *Id.* at 10-12. Morris highlights at trial, the victim stated she only touched Morris' penis with her hands and that Morris did not force her to put his penis in her mouth. *Id.* at 10-11. Morris contends that this testimony should hold greater weight than the victim's statement at the PCA where she stated that Morris put his penis in her mouth. *Id.* at 13. Morris argues the statement at the PCA was not under oath with no determination of competency, not subject to cross examination, and not contemporaneous. *Id.* at 11-12. He further argues the PCA interview was not credible because it only came after Aunt specifically asked the victim if Morris ever touched her. *Id.* at 12.

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted

because of a mere conflict in the testimony." *Commonwealth v. Sexton*, 222 A.3d 405, 414 (Pa. Super. 2019) (citation omitted). An abuse of discretion "represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill-will." *Commonwealth v. Pledger*, 332 A.3d 29, 35 (Pa. Super. 2025) (citation and quotation marks omitted). A new trial should only be granted when the evidence is "so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Watkins*, 315 A.3d 145, 152 (Pa. Super. 2024) (citation omitted).

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Juray*, 275 A.3d 1037, 1047 (Pa. Super. 2022) (citation omitted).

The trial court found Morris' weight challenge to be without merit, finding the verdicts did not shock its sense of justice. Trial Court Opinion, 8/16/2024, at 4-5. The trial court weighed the victim's testimony about Morris' conduct with her prior statements in the PCA video interview and to

Aunt and Mother. *Id.* at 4. The trial court indicated it "had the full opportunity to assess each witness," and made factual and credibility determinations in denying the weight challenge. *Id.*

We find no abuse of discretion in the trial court's determination. Although Morris' argument rests on the inconsistency between the victim's testimony and her prior statement at the PCA, we decline his invitation to reweigh the evidence. *See Commonwealth v. Salinas*, 307 A.3d 790, 795 (Pa. Super. 2023) (the factfinder resolves "contradictory testimony and questions of credibility," and "[w]e cannot substitute our judgment for that of the factfinder"). Here, the judge heard the victim's statements, including the questions asked at PCA, weighed the evidence, and rendered the guilty verdicts. *See Commonwealth v. Jacoby*, 170 A.3d 1065, 1078 (Pa. 2017) (explaining the ultimate factfinder is "free to resolve any inconsistencies or discrepancies in the testimony in either party's favor") (citation omitted). Therefore, despite the presence of inconsistent evidence, we find no abuse of discretion in the trial court's determination that the verdict is not against the weight of the evidence. *See Commonwealth v. Gilliam*, 249 A.3d 257, 270 (Pa. Super. 2021) (concluding that the trial court did not abuse its discretion in denying appellant's weight challenge where he merely asked this Court to assume the role of factfinder and reweigh the evidence in his favor).

## Sufficiency of the Evidence

Morris further contends there is insufficient evidence to support his conviction of rape of a child. Morris' Brief at 14, 17. Morris claims that the allegation that he forced the victim to perform oral sex is not supported by the evidence presented at trial. *Id.* at 15. He points to the fact that the victim testified at trial she was not forced to perform oral sex and argues the crux of the Commonwealth's evidence is the victim's interview at the PCA where she described Morris putting his penis in her mouth. *Id.* at 16-17. He contends this evidence is unreliable, noting the interview occurred four years after the incident and the presence of contradicting testimony. *Id.* at 15-17. Additionally, Morris argues the interview only occurred after Aunt asked the victim a suggestive question about whether Morris had touched her. *Id.* at 15-16.

This Court assesses sufficiency of the evidence claims according to the following standard:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the [factfinder] to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the [factfinder].

***Commonwealth v. Scott***, 325 A.3d 844, 849 (Pa. Super. 2024) (citation omitted).

Rape of a child requires the defendant to have had sexual intercourse with a person who is less than thirteen years of age. 18 Pa.C.S. § 3121(c). Sexual intercourse includes oral sex. ***Id.*** § 3101.

As noted, the Commonwealth introduced a video of the victim at the PCA, without objection, describing how Morris put his penis in her mouth. N.T., 10/28/2022, at 24-25. Aunt and Mother both testified the victim told them Morris had put his penis in her mouth. N.T., 10/28/2022, at 48, 62.

This evidence established that Morris engaged in oral sex with the victim. ***See Commonwealth v. Gonzalez***, 109 A.3d 711, 721 (Pa. Super. 2015) ("The victim's uncorroborated testimony is sufficient to support a rape conviction."). Regarding Morris' claim on the reliability of the statements in the video and conflicting evidence, such challenges go to the weight of the evidence, not sufficiency. ***See Commonwealth v. Barkman***, 295 A.3d 721, 733 (Pa. Super. 2023) (noting that reliability of evidence is a challenge to the weight of evidence, not the sufficiency of the evidence). As noted above, the trial court did not abuse its discretion in finding the verdicts were not against the weight of the evidence. ***See Gilliam***, 249 A.3d at 270. Accordingly, Morris' second claim is without merit.

Judgement of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025