J-S21043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
   :
v.    :
   :
   :
PAUL BROWN    :
   :
Appellant    :    No. 1682 EDA 2020

Appeal from the PCRA Order Entered August 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005729-2013

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:        **FILED NOVEMBER 2, 2021**

Appellant, Paul Brown, appeals from the order of the Court of Common
Pleas of Philadelphia County (trial court) that dismissed his first petition filed
under the Post Conviction Relief Act (PCRA)[1] without a hearing.  After careful
review, we affirm.

On November 20, 2015, Appellant was convicted by a jury of unlawful
contact with a minor for the purpose of involuntary deviate sexual intercourse
of a child, corruption of a minor, and endangering the welfare of a child[2] for

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1)(i), and 4304(a)(1), respectively.

molesting his wife's great-grandson (Child).  The facts out of which this conviction arose were set forth by this Court in Appellant's direct appeal:

In March 2013, [Child] was three-years old. During that time, [Child] was regularly cared for by Appellant and his wife, [Child's] maternal great-grandmother, while [Child's] mother [Mother] went to work. On March 13, 2013, [Child] stayed the night with Appellant and [Child's] great-grandmother. The following evening, when [Mother] arrived to pick up [Child], the child stated that Appellant had "sucked [his] penis." N.T. Trial, 11/19/15, at 12. [Child] then pulled his pants down revealing that his penis was red and swollen. [Mother] took the victim to the hospital. A medical examination revealed that [Child's] penis was red, swollen, and sensitive to the touch. Utilizing a sexual abuse testing kit, samples were taken from [Child's] body, and his clothing was collected for further evaluation. Further testing revealed Appellant's DNA on [Child's] sock, the crotch of his pants, and the crotch of his underwear.

*Commonwealth v. Brown*, No. 1147 EDA 2016, unpublished memorandum at 1-2 (Pa. Super. filed February 12, 2018).

On March 14, 2016, the trial court sentenced Appellant to 7 to 14 years' incarceration for the unlawful contact with a minor conviction and concurrent $2^1/_2$-to-5-year terms of incarceration for the corruption of a minor and endangering the welfare of a child convictions.  N.T. Sentencing at 25-26, 28; Sentencing Order.  Appellant's trial counsel did not move for a new trial or file any post-sentence motion.

On April 9, 2016, Appellant, represented by new counsel, filed a timely appeal from the judgment of sentence.  In that direct appeal. Appellant challenged the sufficiency of the evidence and sought a new trial on the ground that the verdict was against the weight of the evidence.  *Brown*, unpublished

memorandum at 3. On February 12, 2018, this Court affirmed Appellant's judgment of sentence, concluding that the evidence at trial was sufficient to support Appellant's convictions and that his claim that the verdict was against the weight of the evidence was waived by his failure to file any post-verdict or post-sentence motion in the trial court. *Id.* at 7-9. Appellant did not seek review in the Pennsylvania Supreme Court.

On February 11, 2019, Appellant filed a timely *pro se* PCRA petition. On July 23, 2019, PCRA counsel appointed to represent Appellant filed an amended PCRA petition asserting three claims of ineffective assistance of trial counsel, that counsel was ineffective in failing to file a post-verdict motion for a new trial on the ground that the verdict was against the weight of the evidence, that counsel was ineffective in failing to file a motion for reconsideration of sentence, and that counsel was ineffective at trial in failing to raise a defense that Child's injuries were self-inflicted and to adequately question defense witnesses concerning that defense. On July 8, 2020, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing on the grounds that issues raised in the PCRA petition were without merit. Appellant filed no response to the Rule 907 notice and the trial court on August 26, 2020 dismissed the PCRA petition. This timely appeal followed.

Appellant presents the following issues for our review:

I. Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II. Whether the court was in error in not granting relief on the issue that counsel was ineffective for the following reasons:

a. Counsel was ineffective for failing to file a post verdict motion that the verdict was against the weight of the evidence.

b. Counsel was ineffective for failing to file a motion for reconsideration of sentence.

c. Counsel was ineffective for failing to properly represent at trial.

Appellant's Brief at 8 (trial court answers omitted). We review the dismissal of a PCRA petition to determine whether the record supports the PCRA court's ruling and whether its decision is free of legal error. *Commonwealth v. Staton*, 120 A.3d 277, 283 (Pa. 2015); *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018); *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

We first address the merits of the trial court's dismissal of Appellant's claims of ineffective assistance of counsel. To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his action or inaction; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015); *Presley*, 193 A.3d at 442; *Wah*, 42 A.3d at 338. The defendant must satisfy all three elements of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Commonwealth v.*

- 4 -

*Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant's first two claims of ineffective assistance of counsel do not satisfy the requirement that he show prejudice. To satisfy the prejudice element of an ineffective assistance of counsel claim, the convicted defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Mason*, 130 A.3d at 618; *Commonwealth v. Reaves*, 923 A.2d 1119, 1127 (Pa. 2007); *Stewart*, 84 A.3d at 707. Where, as here, trial counsel's error is a failure to file a post-verdict motion or post-sentence motion, the prejudice element requires that the defendant show a reasonable probability that relief would have been granted if the motion had been filed. *Reaves*, 923 A.2d at 1131-32; *Presley*, 193 A.3d at 444-45; *Commonwealth v. Wilson*, No. 2197 EDA 2017, slip op. at 10-11 (Pa. Super. May 29, 2019) (unpublished memorandum).

The trial court properly concluded that Appellant could not show a reasonable probability that a weight of the evidence motion would have been granted. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the evidence at trial was so weak or the verdict was so contrary to the evidence that the verdict shocks the conscience of the trial court. *Commonwealth v. Gilliam*, 249 A.3d 257,

269-70 (Pa. Super. 2021); ***Commonwealth v. Antidormi***, 84 A.3d 736, 758 (Pa. Super. 2014).

Here, the evidence at trial was not weak. Not only did Child testify that Appellant sucked his penis, but Child's testimony was corroborated by testimony of other witnesses that Child's penis was red and swollen and by evidence that Appellant's DNA was found in the crotch and front panel of Child's underwear. N.T., 11/19/15, at 12-13, 44-48; N.T., 11/18/15, at 41-45, 48-51, 64, 93-95. Moreover, the record shows that the trial court judge who would have ruled on a weight of the evidence motion in fact found that the verdict did not shock her conscience and was not against the weight of the evidence. The trial court judge who both presided over Appellant's trial and dismissed Appellant's PCRA petition stated in her opinion in Appellant's direct appeal:

> Clearly, the evidence presented by the Commonwealth was more than sufficient to prove appellant guilty of the crimes charged. The jury's verdict is not contrary to, nor is it against, the weight of the evidence, and the verdict shocks no one's sense of justice.

Trial Court Opinion, 8/1/16, at 5-6. Appellant therefore was not entitled to PCRA relief on this claim because he could not show that he suffered any prejudice from trial counsel's failure to move for a new trial on weight of the evidence grounds.

The trial court also properly concluded that Appellant could not show that trial counsel's failure to file a motion for reconsideration of sentence caused him to suffer any prejudice. The aggregate sentence that the trial

court imposed, 7 to 14 years' incarceration, was within the Sentencing Guidelines' standard range for unlawful contact with a minor by a defendant with Appellant's prior record score of zero and was substantially less harsh than the 10-to-20-year sentence requested by the Commonwealth. N.T. Sentencing at 4-5, 25-26, 28. In addition, the information that Appellant contends that trial counsel could have brought to the trial court's attention in a motion to reconsider sentence was Appellant's good behavior while awaiting trial and character evidence from witnesses who knew Appellant. Appellant's Brief at 22-23; Memorandum in Support of Amended PCRA Petition at 16-17. That information, however, was already before the trial court and was considered by the trial court when it sentenced Appellant. Appellant's trial counsel at sentencing argued that Appellant's lack of any criminal history and good behavior while awaiting trial warranted leniency and presented family members who spoke concerning Appellant's good character. N.T. Sentencing at 14-22.

Given the fact that the trial court's sentence was not harsh or extreme and the absence of any showing that a motion for reconsideration would have brought any significant new information to the trial court's attention, Appellant could not show that there was any reasonable probability that a motion for reconsideration of sentence would have resulted in a reduced sentence. It was therefore clear from the record that Appellant could not show that he suffered prejudice from trial counsel's failure to file a motion for

reconsideration of sentence. *Reaves*, 923 A.2d at 1131-32; *Presley*, 193 A.3d at 444-45.

In his third claim of ineffective assistance of counsel, Appellant argues that trial counsel was ineffective in his representation of Appellant at trial because he allegedly failed to raise the defense that the injury to Child's penis was self-inflicted and failed to introduce evidence that Child had a history of playing with his penis. Appellant's Brief at 24. As the trial court correctly concluded, this claim is without merit because the record shows that trial counsel in fact did raise this defense and introduced the evidence in question.

Contrary to Appellant's assertions, the record shows that trial counsel brought out on cross-examination of the Commonwealth's medical witness that is very common for boys of Child's age to play with their penises and that it was possible that the condition of Child's penis could be caused by self-manipulation. N.T., 11/18/15, at 58, 64-65. Trial counsel also introduced testimony of Appellant, Child's great-grandmother, and Child's great-great aunt that Child frequently played with his genitals and was told not to. N.T., 11/20/15, at 10, 17-18, 32-33. Appellant does not point to any other witness that trial counsel could have called on these subjects. Appellant's Brief at 24; Memorandum in Support of Amended PCRA Petition at 18-19.

Appellant's claim that the trial court erred in not granting an evidentiary hearing likewise fails. A convicted defendant does not have an absolute right to an evidentiary hearing on a PCRA petition. *Commonwealth v. Hill*, 202

A.3d 792, 797 (Pa. Super. 2019); *Jones*, 942 A.2d at 906. Where there are no genuine issues of material fact that must be resolved to rule on a PCRA claim, the court is not required to hold a hearing. *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019); *Jones*, 942 A.2d at 906. Here, there were no genuine issues of fact with respect to any of the claims in Appellant's PCRA petition. Appellant's claims that trial counsel was ineffective were based on the record of Appellant's trial and sentencing, not on new evidence. Moreover, no testimony from trial counsel concerning his strategic decisions was necessary, as it was clear from the record that Appellant's claims of ineffective assistance of counsel failed because Appellant either could not show prejudice or could not show that trial counsel failed to raise the arguments and present the evidence that Appellant claims should have been raised and presented at trial.

For the foregoing reasons, we conclude that Appellant did not show any ineffective assistance of counsel by his trial counsel or error by the trial court in dismissing the PCRA petition without a hearing. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/02/2021