J-S33014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEHEM M. WOLDEZGHI | : | |
| | : | |
| Appellant | : | No. 1067 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 14, 2021,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0003981-2020.

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED DECEMBER 7, 2022**

Lehem M. Woldezghi appeals from the judgment of sentence imposed

after the trial court convicted him of driving under the influence unsafe

driving—controlled substance "DUI".[1] Upon review, we affirm.

The trial court detailed the facts as follows:

On June 24, 2020, at approximately 10:30 p.m., Officer Gerald
Hunt ("Ofc. Hunt") and Detective Michael Cantrell ("Det. Cantrell")
of the Lower Gwynedd Township Police Department responded to
a call of a vehicle crash on Plymouth Road near Route 202 in Lower
Gwynedd Township. At the time of trial, Ofc. Hunt had been
employed as a police officer with Lower Gwynedd Township for
about 14 years. Prior to that, Ofc. Hunt had served as a police
officer in the City of Philadelphia for about three (3) years. Det.
Cantrell had been employed as a police officer with Lower
Gwynedd Township for nearly seven (7) years.

Det. Cantrell arrived on the scene prior to Ofc. Hunt and observed
a white Toyota Avalon with heavy front-end damage facing

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

northbound and resting against a splintering telephone pole. Det. Cantrell observed Defendant outside this vehicle. [Woldezghi] walked around the vehicle and sat on its trunk. [Woldezghi] was the sole occupant of the vehicle. There were no adverse weather conditions on the evening of this accident.

Ofc. Hunt observed that [Woldezghi's] speech was slow. [Woldezghi] seemed to have trouble with his balance, and his fine motor skills seemed weak. For example, [Woldezghi] had difficulty retrieving his driver's license and registration from his wallet.

At the time of the accident, [Woldezghi] had been driving northbound on Plymouth Road. [Woldezghi] told Det. Cantrell that something came in the road, and he wanted to avoid it. [Woldezghi] did not know if it was something in the road, an animal, or a person. Neither Det. Cantrell nor Ofc. Hunt observed any skid marks. Nor did either of them see any debris on the road.

Det. Cantrell conducted field sobriety tests on [Woldezghi]. Det. Cantrell is trained in standardized field sobriety tests as well as Advanced Roadside Impaired Driving Enforcement (ARIDE). ARIDE focuses on drug-impaired driving. During his career, Det. Cantrell has made about 20 DUI arrests (less than half of which have been drug-related). Ofc. Hunt does not have formal training in the detection of impaired drivers; but he has experience in making DUI arrests. Ofc. Hunt estimated that during his 17-year career he had made one to two DUI arrests per year.

During the walk-and-turn test, Det. Cantrell noticed indicators that [Woldezghi] was intoxicated beyond the capability of safely operating a vehicle such as: (1) failure to keep his balance; (2) taking the improper number of steps; and (3) inability to place his feet heel to toe. During the one-legged test in which the driver is asked to lift one leg six (6) inches off the ground with their hands to the side while counting aloud, [Woldezghi] was unable to lift his foot and maintain his balance. Det. Cantrell testified that [Woldezghi's] performance of this test was one of the worst he has seen in his career. Based on the foregoing, Det. Cantrell concluded that [Woldezghi] had operated his vehicle under the influence of a controlled substance that rendered him incapable of safely operating the vehicle, and he was taken into custody for suspicion of DUI. A search incident to arrest revealed a metallic, cylindrical grinder (which is often used for marijuana) in

[Woldezghi's] pocket. On the ground, within approximately four (4) feet of the driver-side door, the officers recovered a glass jar containing a green botanical substance that looked and smelled like marijuana.

[Woldezghi] refused to provide a blood sample.

Trial Court Opinion, 5/25/22, at 1-3 (citations omitted). The Commonwealth charged Woldezghi with a single count of DUI.

Following a bench trial on November 12, 2021, the court found Woldezghi guilty. The court sentenced him to 72 hours to 6 months' incarceration. Woldezghi filed a post-sentence motion, which the court denied.

Woldezghi filed this timely appeal. Woldezghi and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Woldezghi raises a single issue for our review:

Whether the evidence presented at trial [was] sufficient to sustain [Woldezghi's] guilty verdict for violating 75 Pa.C.S.[A.] § 3802(d)(2) where there was no evidence presented that he was under the influence of a controlled substance at the time he was in operation of his vehicle?

Woldezghi's Brief at 4.

Woldezghi challenges the sufficiency of the evidence to convict him of DUI. Specifically, he contends that the Commonwealth failed to prove that he was under the influence of a controlled substance at the time of the accident. He further argues that even if the Commonwealth did, it did not establish that it impaired his ability to drive safely. Instead, he claims that any appearance of him being under the influence was the result of a head injury he sustained

in the accident. As such, Woldezghi maintains that his conviction should be reversed. Woldezghi's Brief at 18-19.

In reviewing a sufficiency of the evidence claim, this Court:

must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott,* 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* Any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Gilliam*, 249 A.3d 257, 267, *reargument denied* (May 19, 2021), *appeal denied*, 267 A.3d 1213 (Pa. 2021). Finally, "[b]ecause

evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

Section 3802(d)(2) of the Vehicle Code provides:

(d) An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\*\*\*

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

To convict a defendant of DUI under Section 3802(d)(2), the Commonwealth must demonstrate "that [the defendant] was under the influence of a drug to a degree that impairs his or her ability to safely drive or operate a vehicle." ***Commonwealth v. Williamson***, 962 A.2d 1200, 1204 (Pa. Super. 2008) (citations and quotation marks omitted). Section 3802(d)(2) "does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." ***Commonwealth v. Tarrach***, 42 A.3d 342, 345 (Pa. Super. 2012) (citations and quotation marks omitted). Our Supreme Court has recognized that the Commonwealth can prove DUI through evidence of "the offender's actions and behavior," including "[in]ability to pass field sobriety tests[,] demeanor, including toward the

investigating officer," and refusal of chemical testing. ***Commonwealth v. Segida***, 985 A.2d 871, 879 (Pa. 2009); ***Commonwealth v. Myers***, 164 A.3d 1162, 1171 (Pa. 2017). ***See also Commonwealth v. Griffin***, 32 A.3d 1231, 1239 (Pa. 2011) (explaining that "subsection 3802(d)(2) does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case").

Here, the trial court concluded that the Commonwealth's evidence was sufficient to prove DUI. It explained:

> In the instant case, . . . the totality of the evidence presented by the Commonwealth demonstrates that [Woldezghi] violated Section 3802(d)(2) of the Vehicle Code. That evidence consisted of the following: (1) the absence of any skid marks or debris in the road that would indicate that [Woldezghi's] crash was due to something in the roadway as [Woldezghi] claimed; (2) [Woldezghi's] slow speech; (3) [Woldezghi's] difficulty with fine motor skills (such as during his retrieval of his license and registration); (4) [Woldezghi's] failure to complete the walk-and-turn and one-legged balance field sobriety tests; (5) [Woldezghi's] refusal to provide a blood sample; (6) the experience and training of Det. Cantrell and Ofc. Hunt in making DUI arrests; and (7) Det. Cantrell's opinion that at the time of the accident, [Woldezghi] had operated his vehicle under the influence of a controlled substance that rendered him incapable of safely operating the vehicle.

Trial Court Opinion, 5/25/22, at 6-7.

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court's conclusion that the evidence was sufficient to establish that Woldezghi was under the influence of a controlled substance which impaired his ability to safely drive his vehicle. The factors cited by the trial court support this

conclusion. Notably, Detective Cantrell, who determined that Woldezghi was under the influence of a controlled substance, was trained in ARIDE. The lack of an explanation for the accident without physical evidence to substantiate Woldezghi's claim was significant as well. Additionally, in explaining why he refused to provide a blood sample, Woldezghi stated that he had used marijuana. Although the exact time when Woldezghi used marijuana in relation to the accident was not definitive, this, coupled with the officers' recovery of marijuana and paraphernalia at the scene, further supports the conclusion that Woldezghi was under the influence of a controlled substance. Although there was no direct evidence of Woldezghi taking any drug, the circumstantial evidence was sufficient to convict Woldezghi of DUI. Woldezghi's sufficiency challenge merits no relief.

Judgment of sentence affirmed.

Judge King concurs in the result.

Judge Sullivan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2022