J-A29041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES LEONARD RUSSELL :
:
Appellant : No. 164 WDA 2022

Appeal from the PCRA Order Entered January 12, 2022,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0009272-2017,
CP-02-CR-0012425-2017.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                  **FILED: JANUARY 19, 2023**

James Leonard Russell appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On March 1, 2018, a jury convicted Russell at two separate dockets of various sex offenses involving two minors, S.G and I.W.  On May 21, 2018, the trial court sentenced him to serve an aggregate term of 226 to 472 months of imprisonment and a consecutive five-year probationary term.  Following the denial of his post-sentence motion, Russell appealed to this Court.  In that appeal, he challenged the trial court's decision to join the two dockets for trial, as well as several challenges to the sufficiency of the evidence supporting his convictions involving I.W.

On May 29, 2020, we rejected Russell's claims by adopting the trial court's opinion, and our Supreme Court denied his petition for allowance of appeal on October 5, 2020. *See Commonwealth v. Russell*, 237 A.3d 495 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 240 A.3d 97 (Pa. 2020).

Russell filed a *pro se* PCRA petition on April 12, 2021. In this petition, Russell asserted several claims, including a claim that trial counsel was ineffective "by not preparing himself or [Russell] for trial where the only evidence of the crimes were the accusations of the accusers." PCRA Petition, 4/12/21, at 4. The PCRA court appointed two different attorneys who later were permitted to withdraw, and the court again appointed counsel.

On November 5, 2021, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 20, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Russell's petition without a hearing and granted PCRA counsel's motion to withdraw. Russell did not file a response. By order entered January 12, 2022, the PCRA court denied Russell's petition. This

appeal followed.[1]  Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Russell raises the following four issues, which we have reordered for ease of disposition:

    I.    Did the [PCRA] court err when it dismissed [Russell's] claim of a due process violation by the Commonwealth where the prosecuting assistant district attorney made an erroneous and improper statement to the jury in her closing argument?

    II.    Did the [PCRA] court err when it dismissed [Russell's] claim of the weight of the prosecution's evidence being insufficient to support the convictions of any of the charges [at either docket]?

    III.    Did the [PCRA] court err when it failed to reconsider [Russell's] request to find that the Commonwealth did not meet its burden of proof beyond a reasonable doubt based on newly discovered evidence?

    IV.    Did the [PCRA] court err when it dismissed [Russell's] claim of ineffective assistance of counsel, where counsel failed to call [relevant] witnesses, failed to object to inappropriate comment by prosecuting ADA, failed to motion the court for a [judgment] of acquittal upon the completion of the Commonwealth's case, [and] failed to offer a compromise to the jury instruction?

Russell's Brief at 2-2b (excess capitalization omitted).

---

[1] Russell filed one notice of appeal listing both docket numbers in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  However, because the PCRA court failed to specifically instruct Russell that he needed to file two separate notices of appeal, a breakdown in the court system occurred which allows us to review the merits of Russell's claims.  **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted). Moreover:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated or waived. *Commonwealth v. Carpenter*, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a

proceeding collaterally attacking the conviction or sentence. *Carpenter*, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. *Carpenter*, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Because Russell could have raised his first issue regarding prosecutorial misconduct in his direct appeal it is waived. Absent waiver, his claim fails because no prosecutorial misconduct occurred. Russell asserts that the trial court erred in permitting the assistant district attorney to state in her closing argument that the testimony of a single witness, if believed by the jury, was sufficient to support a conviction. This is a correct statement of the law that, if believed by the fact finder, "even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant." *Commonwealth v. Gilliam*, 249 A.3d 257, 268 (Pa. Super. 2021) (citation omitted); *see also* 18 Pa.C.S.A. § 3106 (providing that a complainant's testimony need not be corroborated in a prosecution for a sex offense).

Moreover, trial court instructed that the statements and arguments of the attorneys are not evidence, and that the trial court—not the attorneys— provides the law pertinent to the jury's decision. *See* N.T., 2/27-3/2/18, at 22, 28, 369. Indeed, after the attorneys' closing arguments, the trial court

- 5 -

later instructed the jury in a manner consistent with the assistant district attorney's statement. *Id.* at 374, 387. Thus, even if cognizable under the PCRA, Russell's first issue affords him no relief.

In his second issue, Russell challenges the sufficiency of the evidence for all his convictions involving both victims. As noted above, Russell raised several challenges to the sufficiency involving I.W. on direct appeal. Thus, to the extent this Court has already rejected them, the claims are previously litigated under the PCRA. Section 9544(a), *supra*. As to any convictions he did not challenge involving I.W., as well as his sufficiency claim regarding all his convictions involving S.G., the claims are waived because they were not raised on direct appeal. Section 9544(b), *supra*.

In his third issue, Russell claims that the PCRA court should have reconsidered his guilty verdicts given alleged newly-discovered evidence—a newspaper article in which the district attorney of Allegheny County commented on his decision not to prosecute in an unrelated case. The PCRA court found this issue waived because it was being raised for the first time on appeal. PCRA Court Opinion, 5/9/22, at 5. Even if properly preserved, it affords Russell no relief because it has no relevance to the evidence the Commonwealth presented to support Russell's convictions.

In his fourth and final issue, Russell raises multiple claims of trial counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance

of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

As noted above, Russell only raised one issue regarding trial counsel's ineffectiveness in his *pro se* PCRA petition. Thus, to the extent Russell raises new claims of trial counsel's ineffectiveness for the first time on appeal, they are waived. Pa.R.A.P. 302(a). The PCRA court found that the only ineffectiveness claim raised and/or suggested by Russell's petition was trial counsel's failure to call witnesses. PCRA Court Opinion, 5//9/22, at 4.

To establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012).

Our review of the record supports the PCRA court's conclusion that Russell "failed to identify the testimony of any proposed witnesses and how such testimony would have affected the outcome." PCRA Court Opinion, 5/9/22, at 4. Indeed, as the court further noted, Russell could not establish prejudice given that he conceded in his Rule 1925(b) statement that "none of the witnesses [could] prove my innocence." ***Id.*** Thus, because Russell has failed to establish any ***Sneed*** factors, his ineffectiveness claim fails.

In sum, the issues raised by Russell are either previously litigated, waived, or otherwise lack merit. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2023

- 8 -