J-S37033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALIYAH JELISSA MARSHALL | : | |
| | : | |
| Appellant | : | No. 316 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 13, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0004286-2020

BEFORE: BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:         **FILED NOVEMBER 14, 2023**

Saliyah Jelissa Marshall (Appellant) appeals from the judgment of sentence imposed after a jury convicted her of endangering the welfare of children (EWOC).[1] Upon review, we affirm Appellant's conviction, but vacate her judgment of sentence and remand for resentencing.

The trial court summarized the factual history as follows:

> Shortly before 9:30 a.m. on June 9, 2020, Kendall Chisem, a security guard working at a FedEx facility located at 601 River Road in Upper Merion Township, observed a small child alone in the front seat of a car in the facility's parking lot. The child was J.M. [(Child)], [Appellant's] three-year-old son. The parties stipulated that [Child's] date of birth is November 21, 2016. All of the car's windows were up, and [Child] was crying for his mother. Mr. Chisem saw a bag of food and an electronic tablet in the front seat. The weather on June 9, 2020[,] was sunny, and Mr. Chisem found [Child] sweating profusely. After [Child] unlocked the car, Mr. Chisem removed him from the car and

---

[1] 18 Pa.C.S.A. § 4304(a)(1).

brought him to the security guard building. Security then called the police. [Child] continued to cry for his mother while in the security guard building. Security officials gave [Child] food and a drink, at which point [Child] slowly stopped crying.

Officer Anthony Alosi [(Officer Alosi)] of the Upper Merion Township Police Department arrived at the FedEx facility at about 9:30 a.m. and went to the security office. Mr. Chisem and … a security specialist at FedEx[] then brought [Officer] Alosi to the vehicle in which [Child] had been found. While at that location investigating, [Appellant], an employee at the FedEx facility, arrived. She informed [Officer] Alosi that she had been at work since 3:00 a.m. and completed her shift around 9:30 a.m.

While in the FedEx parking lot, [Officer] Alosi also spoke with Sadat Claude, who was the vehicle's operator and [Appellant's] co-worker at the FedEx facility. Mr. Claude told [Officer] Alosi that he had picked up [Appellant] and her son, driven them to the FedEx facility, and [Appellant] had left [Child] in the vehicle. Based on this information, [Officer] Alosi believed that [Appellant] had left [Child] in the car for about seven (7) hours.

[Officer] Alosi described [Appellant's] demeanor as calm. [Appellant] told [Officer] Alosi that a babysitter, Chantel Jones, had dropped off [Child] at the FedEx parking lot at approximately 8 a.m. [Appellant] provided a phone number for Chantel Jones. [Officer] Alosi called the number, but the woman who answered said she had no idea what he was talking about.

[Officer] Alosi took [Appellant] into custody. After processing [Appellant], [Officer] Alosi input information related to this incident to the ChildLine website so the Office of Children and Youth could conduct a follow-up investigation. [Officer] Alosi then released custody of [Child] to [Appellant].

Trial Court Opinion, 3/31/23, at 2-4 (footnotes and citations to record omitted).

The Commonwealth charged Appellant with EWOC. On May 16, 2022, the Commonwealth filed a motion in *limine* seeking to admit evidence, under

Pa.R.E. 404(b), of a subsequent incident in which Mother left Child unattended (the December 2021 incident). The Commonwealth alleged:

1. On December 22, 2021, East Norriton police officers responded to Timberlake Apartments for a well-being check. The caller had reported an unattended 5[-]year[-]old boy in the main lobby of the building. Upon arrival, Officer Ryan Meinke spoke with the [Child], as well as the caller, Terry Hall. Terry Hall reported that she had seen [Child] in the elevator by himself and he was crying that he wanted his mother.

2. [Child] told Officer Meinke that he lives in Apartment B706 with his mother, [Appellant]. He stated his mother was at work. Officer [Meinke] went to Apartment B706 and noticed the front door was ajar. He checked the interior of the apartment and was unable to locate any adult.

3. Officer Meinke called [Appellant], who advised him that she was at work. She said that a friend, Lenoce Smith, was supposed to be watching [Child]. She advised that the friend had come to the apartment at 11[:00 p.m.] the night prior to watch [Child], and she did not know that [Child] was unattended.

4. [Child] advised he had not eaten yet that morning, and another resident provided him with food and milk. [Child] said that when his mother is at work, sometimes his father would watch him and sometimes it is just him and his dog ….

5. A short while later, [Appellant] arrived on scene and took custody of [Child].

6. Officers were unable to contact Lenoce Smith using the contact information [Appellant] provided.

Motion in *Limine*, 5/16/22, at 2-3.

The trial court heard testimony and argument concerning the motion in *limine* prior to trial. The trial court granted the motion and ruled that the Commonwealth could introduce evidence of the December 2021 incident to show absence of mistake. *See* N.T., 6/14/22, at 25.

- 3 -

Following trial, the jury convicted Appellant of EWOC, graded as a second-degree felony. With the benefit of a pre-sentence investigation report, the trial court sentenced Appellant to three years of probation. Appellant filed a timely post-sentence motion challenging the weight of the evidence. The trial court denied the motion. Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues:

1. Whether the trial court abused its discretion when it granted the Commonwealth's Pa.R.E. 404(b) motion to admit other acts evidence at Appellant's EWOC trial that only showed that she had the propensity to leave her son alone while she was at work, depriving her of the presumption of innocence, and the probative value of which was outweighed by its danger for unfair prejudice?

2. Whether sufficient evidence was presented at trial to sustain Appellant's EWOC conviction under 18 Pa.C.S. § 4304(a)(1) where there was no evidence that she knew her three-year-old son was alone in a hot car?

3. Whether Appellant's sentence is illegal because it is improperly graded as a felony of the second degree where she only admitted that her son was under six years old and none of the other aggravating factors were found beyond a reasonable doubt by the jury for it to be graded above a felony of the third degree?

Appellant's Brief at 7.

In her first issue, Appellant asserts the trial court abused its discretion by granting the Commonwealth's motion in *limine* to admit other-acts evidence under Pa.R.E. 404(b). *Id.* at 18. Appellant claims the December 2021 incident was offered as substantive evidence to establish the *mens rea* of EWOC, *i.e.*, that she knowingly left her son locked in the car. *Id.* at 18-24;

*see also id.* at 23 ("[T]here are only two incidents, indicating that it was merely a 'remarkably unlucky' coincidence that [Appellant's] son was twice found alone while she was at work."). According to Appellant, the trial court failed to weigh the probative value of the evidence against its potential for unfair prejudice. *Id.* at 24. She describes the other-acts evidence as "weak" based on contradictions in testimony and the police officer's minimal effort to contact the babysitter. *Id.* at 28.

Our standard of review is well-settled:

> [A]dmissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Wilson*, 286 A.3d 1288, 1295 (Pa. Super. 2022) (citation omitted).

As our Supreme Court has explained, generally,

> all relevant evidence, *i.e.*, evidence which tends to make the existence or non-existence of a material fact more or less probable, is admissible, subject to the prejudice/probative value weighing which attends all decisions upon admissibility.

*Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa. 2007) (citing Pa.R.E. 401 and 402); *see also* Pa.R.E. 403 (permitting the court to "exclude relevant evidence if its probative value is outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

One exception is identified in Pa.R.E. 404(b):

**(b) Other Crimes, Wrongs, or Acts.**

(1) *Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, **absence of mistake**, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1), (2) (emphasis added).

"Unfair prejudice" in Rule 404(b)(2) "means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Dillon*, 925 A.2d at 366 (citing Pa.R.E. 403, cmt.).

Evidence will not be prohibited merely because it is harmful to the defendant. Th[e Pennsylvania Supreme] Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged. Moreover, we have upheld the admission of other crimes evidence, when relevant, even where the details of the other crimes were extremely grotesque and highly prejudicial.

*Id.* at 367 (citations and quotation marks omitted).

Here, the trial court concluded the evidence was admissible to show absence of mistake. "Evidence of a prior crime may [] be admitted to show a defendant's actions were not the result of a mistake or accident, where the

manner and circumstances of two crimes are remarkably similar."

***Commonwealth v. Tyson***, 119 A.3d 353, 359 (Pa. Super. 2015) (*en banc*)

(citation and quotation marks omitted).

> The standard for admission of evidence under the absence of mistake exception is virtually the same as the common plan or scheme exception; namely, the evidence must be distinctive and so nearly identical as to become the signature of the same perpetrator, and its probative value must not be undermined by the lapse in time between incidents.

***Commonwealth v. Gilliam***, 249 A.3d 257, 272-73 (Pa. Super. 2021)

(citation and quotation marks omitted). "Rule 404(b) does not distinguish

between prior and subsequent acts." ***Commonwealth v. Wattley***, 880 A.2d

682, 685 (Pa. Super. 2005).

In its opinion, the trial court referenced the statements it made on the

record after hearing argument on the Commonwealth's motion in *limine*:

> All right. So it's pretty clear to me that this incident does fit in with the criteria of [Rule] 404(b) to establish lack of mistake.
>
> The incidents have sufficient similarities in terms of the evidence showing that the [C]hild was left alone; the evidence showing that [Appellant] claimed that the [C]hild was not left alone, but in the custody of somebody else who has never appeared or been produced; and it will be up to the jury to decide whether or not the evidence is sufficient.
>
> But if believed, I think it is sufficient to establish a lack of mistake, so I'll grant the Commonwealth's motion.

Trial Court Opinion, 3/31/23, at 7 (citing N.T., 6/14/22, at 25). The court

reiterated that the December 2021 incident was similar because it involved

Appellant leaving Child unsupervised while Appellant was at work, and

Appellant "claiming she left [Child] with a babysitter who could not be found." *Id.* at 7-8. "Moreover, the incidents are sufficiently close enough in time, having occurred within approximately 18 months of each other." *Id.* at 8; *see also Gilliam*, 249 A.3d at 273-74 (upholding trial court's admission of other bad acts evidence under absence of mistake exception where the other incidents occurred 4 to 5 years before the charged offenses).

The trial court also concluded the probative value of the evidence outweighed its potential for undue prejudice. The trial court explained:

> Evidence of the December [] 2021 incident is relevant because it has a tendency to show the absence of mistake on the part of [Appellant] in leaving [Child] unattended on June 9, 2020. While damning because it shows a virtual repeat of [Appellant's] conduct for which she was charged, it is highly relevant given [Appellant's] claim in both situations that she left [Child] with a "phantom" babysitter when in fact she left him alone and went to work. There is no doubt the evidence is prejudicial, but its relevance outweighs any such prejudice. In short, this evidence is not so prejudicial that it would inflame the jury to decide the case based upon something other than the legal propositions relevant to the case.

Trial Court Opinion, 3/31/23, at 8-9.

Significantly, the trial court instructed the jury that it could consider the December 2021 incident only for the limited purpose of establishing that Appellant knew Child was unattended, and it was not a mistake. N.T., 6/15/22, at 122-23. The trial court advised the jury not to treat the evidence as proof of Appellant's bad character or criminal tendencies. *Id.* at 123. "Jurors are presumed to follow the trial court's instructions." *Tyson*, 119 A.3d at 362.

The trial court's analysis is supported by the record and the law. We discern no abuse of the trial court's discretion in admitting evidence of the December 2021 incident, or concluding that the probative value of the evidence outweighed the potential for unfair prejudice. Because the trial court issued a cautionary instruction, we also presume the jury considered the December 2021 incident only for its intended purpose. *See id.* Therefore, Appellant is not entitled to relief.

In her second issue, Appellant contends the Commonwealth's evidence was insufficient evidence to support her EWOC conviction. Appellant's Brief at 31. Appellant claims the Commonwealth failed to prove that she knew Child was alone in the vehicle. *Id.* at 34. Instead, Appellant argues a babysitter dropped off Child at approximately 8:00 a.m. and left Child with one of Appellant's coworkers, who had agreed to watch Child until Appellant's shift was over. *Id.* at 32-33, 35.

We adhere to the following standard of review:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019) (citation and brackets omitted).

Section 4304(a)(1) of the Crimes Code defines EWOC as follows:

> **(a) Offense defined.--**
>
> (1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S.A. § 4304(a)(1).

> This Court has employed a three-prong test to determine whether the Commonwealth's evidence is sufficient to prove that a defendant knowingly violated a duty of care under section 4304(a)(1): (1) the accused must be aware of his or her duty to protect the child; (2) the accused must be aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused either must have failed to act, or must have taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Sebolka*, 205 A.3d at 337 (citation and paragraph break omitted). "[C]ourts must consider whether the conduct at issue offends the 'common sense of community' and the 'sense of decency, propriety and the morality which most

- 10 -

people entertain.'" ***Commonwealth v. Howard***, 257 A.3d 1217, 1228 (Pa. 2021) (citation omitted).

Appellant only challenges the second prong of the test, *i.e.*, that she knowingly placed Child in circumstances that could threaten his welfare. The Crimes Code defines "knowingly" as follows:

**(b) Kinds of culpability defined.--**

* * *

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(2). "[T]he defendant must be aware that they have placed the child in a perilous or dangerous situation, but they do not have to be aware of the certainty of a particular result…." ***Commonwealth v. Delamarter***, ___ A.3d ___, 2023 WL 57332271 (Pa. Super. 2023) (citing ***Howard***, 257 A.3d at 1225).

In rejecting this claim, the trial court explained:

[V]iewing the evidence in a light most favorable to the Commonwealth, the jury could have found, and presumably did find, that [Appellant] left her three-year-old son alone in a locked car with all the windows closed during the early morning hours from 3 a.m. to 9 a.m. It was during late spring, and when found, [Child] was crying for his mother and sweating profusely. Without question, the evidence established that [Child's] mother,

- 11 -

[Appellant], knowingly placed her son in danger of physical and/or psychological harm and took no reasonable actions to protect him.

Trial Court Opinion, 3/31/23, at 10.

The record supports the trial court's findings and conclusion. For example, Officer Alosi testified he attempted to contact the woman whom Appellant identified as Child's babysitter. N.T., 6/15/22, at 28-29. Officer Alosi called the phone number Appellant provided, but the woman who answered stated "she had no idea what I was talking about." *Id.* at 29.

Appellant suggests that her testimony conclusively demonstrated she was unaware that Child was in a dangerous situation. However, the jury, as factfinder, was free to consider Appellant's testimony, assess its credibility, and weigh it against other testimony presented at trial. *See Commonwealth v. Wallace*, 244 A.3d 1261, 1274 (Pa. Super. 2021) ("[T]he trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." (citation and brackets omitted)).

Our review reveals that the evidence presented at trial, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient for the jury to conclude that Appellant knowingly violated her duty of care and placed Child in a dangerous situation. *Sebolka*, 205 A.3d at 336-37. We reiterate that the Commonwealth may prove its case through circumstantial evidence. *See id.* Thus, Appellant's second issue fails.

In her third issue, Appellant asserts the trial court imposed an illegal sentence by grading her EWOC conviction as a second-degree felony. Appellant's Brief at 37-38. The Commonwealth and the trial court agree. Commonwealth's Brief at 18; Trial Court Opinion, 3/31/23, at 12-14.

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Whatley***, 221 A.3d 651, 653 (Pa. Super. 2019) (citation omitted).

Section 4304(b) of the Crimes Code dictates the grading for EWOC:

**(b) Grading.--**

(1) Except as provided under paragraph (2), the following apply:

(i) An offense under this section constitutes a misdemeanor of the first degree.

(ii) If the actor engaged in a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree.

(iii) If, in the commission of the offense under subsection (a)(1), the actor created a substantial risk of death or serious bodily injury, the offense constitutes a felony of the third degree.

(iv) If the actor's conduct under subsection (a)(1) created a substantial risk of death or serious bodily injury and was part of a course of conduct, the offense constitutes a felony of the second degree.

- 13 -

(2) The grading of an offense under this section shall be increased on grade if, at the time of the commission of the offense, the child was under six years of age.

18 Pa.C.S.A. § 4304(b).

Instantly, the criminal information charged Appellant with EWOC under section 4304(a)(1), stating:

Being the parent, guardian, or other person supervising the welfare of a child under 18 years of age, to wit: [Child]; 11/21/2016 [Appellant] did knowingly violate a duty of care, protection and support.

Criminal Information, 12/16/20. The criminal information alleged no conduct under subsections (b)(1)(ii)-(iv), such as a course of conduct or serious bodily injury, to increase the grading. *Cf. Commonwealth v. Popow*, 844 A.2d 13, 18 (Pa. Super. 2004) (stating that for EWOC "to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of an additional factor of 'course of conduct' ….").

As the trial court stated, "[Appellant's] conduct constituted a misdemeanor of the first degree…." Trial Court Opinion, 3/31/23, at 14; *see also* 18 Pa.C.S.A. § 4304(b)(1)(i). However, the parties stipulated to Child's date of birth. N.T., 6/15/22, at 6. Because the stipulation established Child was less than 6 years old, subsection (b)(2) applies, and the offense should have been graded as a third-degree felony. 18 Pa.C.S.A. § 4304(b)(2), *supra*; *see also* Trial Court Opinion, 3/31/23, at 14 ("[T]he grading of the offense should be increased **one grade** since [Child] was under six years of age at the time of the offense…." (emphasis added)). Accordingly, we vacate

Appellant's judgment of sentence and remand for the trial court to resentence Appellant for EWOC graded as a third-degree felony.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023